# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Miller,               :
          Petitioner      :
                            :
         v.                  :    No. 1689 C.D. 2014
                            :    Submitted: May 15, 2015
Unemployment Compensation    :
Board of Review,                :
         Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**              **FILED: August 6, 2015**

Eric Miller (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) that dismissed his appeal from a referee's decision as untimely pursuant to Section 502 of the Unemployment Compensation Law[1] (Law). Rather than addressing the Board's determination of untimeliness, Claimant's counseled brief almost exclusively addresses the propriety of the proceedings before the referee and the merits of the referee's decision that denied him unemployment compensation (UC) benefits. Because we discern no error in the Board's dismissal of Claimant's appeal as untimely, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §822.

## I. Background

Claimant worked for Grove US (Employer) as an assembler. In December 2013, Employer terminated Claimant's employment based on his failure to devote his complete effort to work matters or maintain acceptable standards of work quality. Claimant applied for UC benefits, which were initially denied. Claimant appealed.

After a hearing, a referee issued a decision denying Claimant benefits.[2] The referee issued the decision on April 15, 2014, and it was mailed to Claimant the same day accompanied by notice of the 15-day appeal period. The appeal period expired on April 30, 2014. There was no indication that the letter containing the referee's decision was returned as undeliverable.

Claimant filed his appeal to the Board on May 13, 2014. The Board notified Claimant his appeal was not filed within the requisite 15-day period. Claimant requested a hearing regarding the timeliness of his appeal.

A referee held a hearing regarding the timeliness of Claimant's appeal to the Board at which only Claimant appeared and testified. Claimant testified that by the time he received the referee's decision, he only had 12 days to file his appeal. He contacted the Careerlink office about the possibility of obtaining free legal services. Referee's Hr'g, Notes of Testimony (N.T.), 7/17/14, at 2-3. Claimant testified he was referred to Franklin County Legal Services and was told

---

[2] A transcript of the hearing on the merits of Claimant's separation from employment is not included in the certified record. However, for the reasons set forth below, we do not reach the merits of Claimant's separation from employment with Employer.

an appeal would not be in his best interest. <u>Id.</u> at 3. Nevertheless, he began searching for counsel; however, every office he contacted required significant funds to represent him, which he did not possess. <u>Id.</u> Claimant ultimately contacted the local service center that denied his original claim, and he was advised to file his appeal without representation and explain the reason for his late appeal. <u>Id.</u>

Ultimately, the Board issued a decision dismissing Claimant's appeal as untimely under Section 502 of the Law. In so doing, the Board made the following findings:

4. Following a hearing on the merits, the Referee issued a decision which denied [C]laimant benefits.

5. A copy of the Referee's decision was mailed to [C]laimant at his last known post office address on the same date.

6. The decision was accompanied by notice advising that the interested parties had fifteen (15) days in which to file a valid appeal.

7. There is no indication that the decision mailed to the [C]laimant was returned by the postal authorities as undeliverable.

8. [C]laimant's appeal from the Referee's decision, in order to be timely, had to have been filed on or before April 30, 2014.

9. [C]laimant's appeal was filed on May 13, 2014, by U.S. Mail.

10. There is no evidence that [C]laimant was misinformed or misled by the [UC] authorities regarding his right or the necessity to appeal.

3

Bd. Op., 8/26/14, Findings of Fact (F.F.) Nos. 4-10. The Board further explained:

> An appeal to the unemployment compensation authorities is timely if it is filed on or before the last day to appeal. The last day to file an appeal from this decision was April 30, 2014. However, [C]laimant did not file an appeal until May 13, 2014. The provisions of this section of the Law are mandatory, and the Board has no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct. Therefore, [C]laimant's appeal from the Referee's decision must be dismissed.

Bd. Op. at 2. Claimant now petitions for review to this Court.

## II. Discussion

The sole issue before this Court is whether the Board erred in determining Claimant did not timely appeal the referee's decision. However, in his counseled brief to this Court, Claimant devotes little attention to this issue. Indeed, he does not address or develop this issue in the Argument section of his brief. Thus, the issue is waived. Berner v. Montour Twp., ___ A.3d ___ (Pa. Cmwlth., No. 1543 C.D. 2014, filed July 9, 2015), 2015 WL 4130473 (party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue); City of Phila. v. Berman, 863 A.2d 156 (Pa. Cmwlth. 2004) (same).

Nevertheless, even if properly preserved, we would find no error in the Board's decision denying Claimant's appeal as untimely.[3] In UC cases, the

---

[3] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed or whether constitutional rights **(Footnote continued on next page…)**

Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility, and weight afforded to evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). As a result, unchallenged findings are conclusive on appeal. Campbell v. Unemployment Comp. Bd. of Review, 694 A.2d 1167 (Pa. Cmwlth. 1997).

Section 502 of the Law states a referee's decision "shall be deemed the final decision of the [B]oard, unless an appeal is filed therefrom, within fifteen days after the date of such decision …." 43 P.S. §822. "The requirement that an appeal be filed within 15 days is jurisdictional, precluding either the Board or a referee from further considering the matter." Gannett Satellite Info. Sys., Inc. v. Unemployment Comp. Bd. of Review, 661 A.2d 502, 504 (Pa. Cmwlth. 1995). Therefore, the time period for taking an appeal cannot be extended as a matter of grace or mere indulgence. Russo v. Unemployment Comp. Bd. of Review, 13 A.3d 1000 (Pa. Cmwlth. 2010).

There are, however, limited circumstances in which the Board may consider an untimely appeal. Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008). The burden to establish the right to an untimely appeal is heavy in light of the mandatory statutory appeal period. Id. A claimant can satisfy this burden by showing there was administrative breakdown or fraud, or by showing non-negligent conduct outside the claimant's control caused the delay.

---

**(continued…)**

were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014).

5

Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130 (Pa. 1996); Hessou. Failure to file an appeal within the statutory 15-day period without meeting this burden mandates dismissal of the appeal. Hessou.

Here, the Board found the referee issued a decision denying Claimant benefits on April 15, 2014, and a copy of the referee's decision was mailed to Claimant at his last known address. F.F. Nos. 4, 5; Certified Record at Item No. 22. The decision was accompanied by a notice that advised Claimant he had 15 days to file a valid appeal. Id. There is no indication the postal authorities returned the decision as undeliverable. F.F. No. 7. Indeed, Claimant admitted receipt of the referee's decision. N.T. at 3. However, Claimant did not file his appeal within 15 days of the mailing of the decision. Rather, he waited until May 13, 2014, almost two weeks after the expiration of the appeal period. Claimant does not challenge the Board's findings; as such, they are conclusive on appeal. Campbell.

Although Claimant attempts to assert his untimely appeal should be excused because he had difficulty locating an attorney to represent him, this excuse does not meet the heavy burden of proof necessary to justify an untimely appeal. Indeed, Claimant does not allege non-negligent conduct outside of his control or fraud caused his untimely appeal.

Further, Claimant briefly asserts there was an administrative breakdown because he was in communication with the UC service center in his attempts to appeal the referee's decision while he attempted to obtain legal

assistance. However, the Board specifically found: "There is no evidence that [C]laimant was misinformed or misled by the [UC] authorities regarding his right or the necessity to appeal." F.F. No. 10. The record supports this finding. N.T. at 3. To that end, at the referee's hearing, Claimant did not explain *how* his contact with the UC service center was misleading or could otherwise constitute administrative breakdown. Id. Therefore, we discern no error in the Board's dismissal of Claimant's appeal as untimely.

Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Miller,                           :
                    Petitioner         :
                                       :
        v.                             :    No. 1689 C.D. 2014
                                       :
Unemployment Compensation              :
Board of Review,                       :
                    Respondent         :

# **O R D E R**

**AND NOW**, this 6th day of August, 2015, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge