# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anthony Fenwick, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 515 C.D. 2015 |
| | : | Submitted: September 18, 2015 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
HONORABLE ROBERT SIMPSON, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                         **FILED: October 23, 2015**

Anthony Fenwick (Claimant), representing himself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that dismissed his appeal from a referee's decision as untimely under Section 502 of the Unemployment Compensation Law[1] (Law). Rather than addressing the Board's determination of untimeliness, Claimant's brief almost exclusively addresses the merits of the denial of his claim for unemployment compensation (UC) benefits. Because we discern no error in the Board's dismissal of Claimant's appeal as untimely, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §822.

Claimant worked for ABM Security Services (Employer) as a security officer. After his separation from employment in July 2014, he applied for UC benefits, which were initially granted. Employer appealed.

After a hearing, the referee issued a decision denying Claimant UC benefits.[2] The referee's decision, issued December 31, 2014, was mailed to Claimant at his last known post office address on that date. The referee's decision was accompanied by notice advising interested parties that they had 15 days in which to file an appeal. The referee's decision specifically indicated in two places that the last day to file an appeal was January 15, 2015. There was no indication that the letter containing the referee's decision was returned as undeliverable.

Claimant filed his appeal to the Board on January 21, 2015. On January 29, 2015, the Board sent Claimant a letter notifying him that he had an opportunity to request a hearing on the issue of whether his appeal from the referee's decision was timely. Claimant did not respond by the date set forth in the Board's letter.

The Board subsequently issued a decision dismissing Claimant's appeal as untimely. It explained:

> Section 502 of the [Law] provides that unless an interested party institutes an appeal to the Board from the Referee's decision within fifteen (15) days after its

---

[2] A transcript of the hearing on the merits of Claimant's separation from employment is not included in the certified record. However, for the reasons set forth below, we do not reach the merits of Claimant's separation from employment with Employer.

2

mailing date, the decision shall be deemed a final decision of the Board. An appeal to the [UC] authorities is timely if it is filed on or before the last day to appeal. The last day to file an appeal from this decision was January 15, 2015. However, [C]laimant did not file an appeal until January 21, 2015. The provisions of this section of the Law are mandatory, and the Board has no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein.

Pursuant to 34 Pa. Code § 101.61, the appeals of parties who are notified in writing by the Board that their appeals appear to be untimely and who do not reply or request a hearing on the issue of timeliness within 15 days shall be dismissed. Here, [C]laimant has not requested a hearing after proper notification from the Board.

[C]laimant's appeal from the Referee's decision must be dismissed.

Bd. Op., 3/3/15 at 2. Claimant now petitions for review to this Court.

The sole issue before this Court is whether the Board erred in determining Claimant did not timely appeal the referee's decision. However, in his brief to this Court, Claimant devotes little attention to this issue. Indeed, he does not address or develop this issue in the Argument section of his brief. Thus, the issue is waived. Berner v. Montour Twp., ___ A.3d ___ (Pa. Cmwlth., No. 1543 C.D. 2014, filed July 9, 2015), 2015 WL 4130473 (party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue); City of Phila. v. Berman, 863 A.2d 156 (Pa. Cmwlth. 2004) (same).

3

Nevertheless, even if properly preserved, we would find no error in the Board's decision denying Claimant's appeal as untimely.[3] In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility, and weight afforded to evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). As a result, unchallenged findings are conclusive on appeal. Campbell v. Unemployment Comp. Bd. of Review, 694 A.2d 1167 (Pa. Cmwlth. 1997).

Section 502 of the Law states that a referee's decision "shall be deemed the final decision of the [B]oard, unless an appeal is filed therefrom, within fifteen days after the date of such decision …." 43 P.S. §822. "The requirement that an appeal be filed within 15 days is jurisdictional, precluding either the Board or a referee from further considering the matter." Gannett Satellite Info. Sys., Inc. v. Unemployment Comp. Bd. of Review, 661 A.2d 502, 504 (Pa. Cmwlth. 1995). Therefore, the time period for taking an appeal cannot be extended as a matter of grace or mere indulgence. Russo v. Unemployment Comp. Bd. of Review, 13 A.3d 1000 (Pa. Cmwlth. 2010).

There are, however, limited circumstances in which the Board may consider an untimely appeal. Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008). The burden to establish the right to an untimely appeal is heavy in light of the mandatory statutory appeal period. Id. A claimant

---

[3] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014).

4

can satisfy this burden by showing there was administrative breakdown or fraud, or by showing non-negligent conduct outside the claimant's control caused the delay. Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130 (Pa. 1996); Hessou. Failure to file an appeal within the statutory 15-day period without meeting this burden mandates dismissal of the appeal. Hessou.

Here, the Board found that the referee issued a decision denying Claimant benefits on December 31, 2014, and a copy of the referee's decision was mailed to Claimant at his last known address on that date. Bd. Op., F.F. Nos. 1, 2; Certified Record (C.R.) at Item No. 9. The decision was accompanied by a notice that advised Claimant he had 15 days to file a valid appeal. F.F. No. 3; C.R. at Item No. 9. There is no indication the postal authorities returned the decision as undeliverable. F.F. No. 4. Further, the referee's decision specifically indicated in two places that Claimant's last day to appeal was January 15, 2015. C.R. at Item No. 9. However, Claimant did not file his appeal by January 15, 2015, within 15 days of the mailing of the referee's decision. Rather, he waited until January 21, 2015, six days after the expiration of the appeal period. F.F. No. 6; C.R. at Item No. 10. Claimant does not challenge the Board's findings; as such, they are conclusive on appeal. Campbell.

As stated above, Claimant presents no developed argument regarding the Board's decision to dismiss his appeal of the referee's decision as untimely. However, in the Statement of the Scope of Review and Standard of Review and the Statement of Questions Involved sections of his brief, Claimant very briefly asserts his appeal of the referee's decision was untimely because he received his mail late

from a neighbor after it was placed in the wrong mailbox.[4]  However, the record lacks any evidence to substantiate this bare assertion because Claimant did not seek a hearing as to the timeliness of his appeal despite an opportunity to do so.

To that end, on January 29, 2015, the Board advised Claimant by letter of his right to request a hearing regarding the timeliness of his appeal.  F.F. No. 7; C.R. at Item No. 11.  Claimant did not respond by the date set forth in the letter.  F.F. No. 8.  As the Board indicated in its decision, pursuant to Section 101.61(a) of the Board's regulations:

> (a) If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have a jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed and that he desires a hearing.  If no reply from the appealing party is received within the 15-day period, or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal.

34 Pa. Code §101.61(a) (emphasis added).

Failure to request a hearing on the timeliness of an appeal in accordance with Section 101.61 of the Board's regulations, and as directed in the

---

[4] In his petition for review, however, Claimant asserts that he: "believe[s] th[e] [Board's] order is wrong because I didn't receive my mail on time but when I did get it I sent the mail as soon as possible it was my fault …."  Pet'r's Pet. for Review, 4/7/15.

Board's letter, warrants dismissal of the appeal.  See Han v. Unemployment Comp. Bd. of Review, 42 A.3d 1155 (Pa. Cmwlth. 2012).  As we explained in Han:

> [T]he Board is without jurisdiction to further consider the matter under [S]ection 502 [of the Law], and it is precluded from considering the facts underlying the timeliness of [the] [c]laimant's appeal unless they are adduced at a hearing on that issue.  [The] [c]laimant prevented the Board from considering his claims regarding the timeliness of his appeal by failing to request such a hearing and, as a result, we are constrained to conclude that the Board did not err in dismissing his appeal as untimely.

Id. at 1158 (emphasis added).  Here, Claimant did not request a hearing on the timeliness of his appeal, and the Board, therefore, did not err in dismissing his appeal.  Accordingly, we affirm.

 

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Fenwick, : 
          Petitioner : 
             : 
          v. :  No. 515 C.D. 2015
             : 
Unemployment Compensation : 
Board of Review, : 
          Respondent : 

## O R D E R

**AND NOW**, this 23rd day of October, 2015, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

_____

ROBERT SIMPSON, Judge