# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justice C. Anoro,                                :
                                                 :
                              Petitioner         :
                                                 :
                  v.                             :   No. 713 C.D. 2024
                                                 :   Submitted:  June 3, 2025
Unemployment Compensation                        :
Board of Review,                                 :
                                                 :
                              Respondent         :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge (P.)
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                          FILED:  July 11, 2025

Justice C. Anoro (Claimant), appearing *pro se*, petitions for review from an April 25, 2024 order of the Unemployment Compensation Board of Review (Board) that dismissed his appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  For the reasons that follow, we affirm.

In March of 2023, Claimant filed a request seeking to backdate his claim weeks June 12, 2021, through September 4, 2021.  Certified Record (C.R.) at 40-44.  At the time of filing, Claimant provided a United States postal address and email address and requested internal messaging with email notification as his preferred notification method.  C.R. at 5.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

On June 12, 2023, a local service center determined that Claimant was ineligible for unemployment compensation (UC) benefits pursuant to Section 401(c) of the Law, 43 P.S. §801(c). Disqualifying Determination, 6/12/2023, C.R. at 46. The determination specifically stated that Claimant had "21 days from the determination date on this letter to file an appeal. This means your appeal **must be received or postmarked** by **07/03/2023.**" *Id.* (emphasis in original).

Claimant appealed on July 31, 2023, and a hearing was scheduled before a referee. Claimant did not appear at the hearing. On October 5, 2023, the referee issued an opinion finding that the local service center issued the disqualifying determination on June 12, 2023, and that there was no competent evidence contained in the record establishing that the determination was returned as undeliverable. Referee Opinion, 10/5/2023, C.R. at 95. The referee noted that Section 501(e) of the Law provides that unless a claimant files an appeal of a determination within 21 calendar days after it was mailed to the party's last known post office address, such determination shall be final. The referee emphasized that the 21-day time limit is mandatory and subject to strict application. Furthermore, in order for a referee to consider an appeal filed after the 21-day period, the party who filed the appeal must show either fraud or a breakdown in the administrative process caused the late appeal, or that the party or the party's representative caused the appeal to be late through non-negligent conduct. *Id.*

The referee observed that in this case, competent evidence reflected that Claimant's appeal was received on July 31, 2023, outside of the 21-day appeal period. Furthermore, Claimant did not appear at the scheduled hearing to provide testimony to show fraud or a breakdown in the administrative process which may have caused the late appeal. In light of the Law's mandatory provisions, the referee

2

held that she did not have jurisdiction to allow the appeal to proceed and she dismissed the action. Referee Opinion, C.R. at 95.

Claimant filed an appeal with the Board on October 26, 2023. C.R. at 105-146. On December 1, 2023, the Board issued an order remanding the matter to the referee to act as a hearing officer for purposes of receiving testimony and evidence on Claimant's reason for his nonappearance at the previous hearing, as well as to receive new or additional testimony or evidence on the merits. Board Remand Order, 12/1/2023, C.R. at 156-163. The remand hearing was held on January 11, 2024. Claimant appeared at the hearing and testified on his own behalf.

The Board issued a decision and order on April 25, 2024, dismissing Claimant's appeal. Board Decision, 4/25/2024, C.R. at 209-217. The Board's findings of fact reiterated that the disqualifying determination was issued on June 12, 2023, that a copy of the determination was sent to Claimant by his preferred method of notification (internal messaging with email notification) that same date, and that there was no evidence that the determination sent to Claimant was returned as undeliverable. Board Findings of Fact (F.F.) Nos. 1-3. While the Board determined that Claimant had good cause for his nonappearance, it nevertheless held:

> Section 501(e) of the [Law] provides that a determination shall become final and compensation shall be paid or denied in accordance therewith unless an appeal is filed within [21] days after the date of said determination. An appeal to the [UC] authorities is timely if it is filed on or before the last day to appeal.
>
> In this case, the final date to appeal the Department's [disqualifying determination] was July 3, 2023. [Claimant] filed the appeal on July 31, 2023, which was after the expiration of the statutory appeal period. [Claimant] failed to present any credible evidence that the

3

appeal was, or should be accepted as if, timely filed. [Claimant] argued he did file a timely appeal but the paperwork he presented was relat[ed] to a claim from 2021. As such, [Claimant] did not meet his burden of proof under Section 501(e) of the Law.

The provisions of this [S]ection of the Law are mandatory; the Board and its referees have no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct. Therefore, the Referee properly dismissed [Claimant's] petition for appeal.

Board Decision, C.R. at 210.

In his appeal to this Court, Claimant once again asserts that his appeal was timely. Claimant also asserts that he never received notification of the June 12, 2023 disqualifying determination by either email or regular mail. Finally, Claimant contends that he did not have access to his account in order to see emails or decisions.

The Board responds that the record clearly reflects that Claimant's appeal from the disqualifying determination was untimely. To the extent Claimant testified that he did not timely receive the determination and/or that he timely filed his appeal, the Board did not credit his testimony. The Board asserts that Claimant's testimony that he did not have access to his account is belied by his testimony that he ultimately received the disqualifying determination from a UC representative via email; thus, "Claimant had access to email at some point and did not establish when he did not have access to email or the [UC] website." Board's Brief at 9. Because Claimant failed to satisfy his burden of proof to show good cause for filing the late appeal, the Board asks that his appeal be dismissed.

4

At the outset, we note that in 2021, the General Assembly amended Section 501(e) by increasing the statutory appeal period to file an appeal from 15 to 21 calendar days. Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence. *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979); *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). If an appeal is not filed within the 21-day appeal period, "it becomes final[,] and the Board does not have the requisite jurisdiction to consider the matter." *DiBello v. Unemployment Compensation Board of Review*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018) (citing *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008)). "An appeal filed even one day after the [21]-day appeal period is untimely." *Id.* "The 'failure to file an appeal within [21] days, without an adequate excuse for the late filing, mandates dismissal of the appeal.'" *Id.* (quoting *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

However, when a party has filed an untimely notice of appeal, he may be entitled to equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). A party may proceed *nunc pro tunc* with an untimely appeal if he establishes that (1) the notice of appeal was filed late as a result of extraordinary, non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *Id.* at 1159. To establish extraordinary circumstances, an appellant must prove that the delay was caused by an administrative breakdown, fraud, or some other conduct beyond his control, which

5

is not attributable to his own negligence. *Hessou*, 942 A.2d at 198. An appellant bears a heavy burden to justify an untimely appeal. *Pennsylvania Turnpike Commission v. Unemployment Compensation Board of Review*, 991 A.2d 971 (Pa. Cmwlth. 2009).

We are mindful that the Board is the factfinder in the appeal before us. It is well settled that

> the Board is the ultimate fact[]finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact[]finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the Board[']s findings, they are conclusive on appeal. . . . [T]he prevailing party below [] is entitled to the benefit of all reasonable inferences drawn from the evidence.

*Ductmate Industries, Inc. v. Unemployment Compensation Board of Review,* 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (internal citations omitted). Here, because Claimant had the burden of proving the timeliness of his appeal and was the only party to present evidence at the hearing, our review is limited to determining whether the Board capriciously disregarded competent evidence, whether constitutional rights were violated, or whether the Board committed an error of law. *Constantini v. Unemployment Compensation Board of Review,* 173 A.3d 838, 842 n.4 (Pa. Cmwlth. 2017).

Based on our review of the record and the case law governing untimely appeals, we cannot say that the Board capriciously disregarded competent evidence or erred when it concluded that Claimant did not meet his burden to justify his late appeal. The record reflects that the disqualifying determination was issued on June

12, 2023, that a copy of the determination was sent to Claimant that same date through internal messaging with email notification, and that the determination was not returned as undeliverable. *See* C.R. at 46-59. Furthermore, the Board did not credit Claimant's testimony that the appeal was timely, that he did not receive notice of the disqualifying determination, or that he lacked access to his UC account. We are bound by the Board's credibility determinations on appeal. *Roberts v. Unemployment Compensation Board of Review*, 977 A.2d 12, 17 (Pa. Cmwlth. 2009). Accordingly, in the absence of any credible testimony supporting Claimant's assertions, we are constrained to affirm the Board's order.[2]

_____
MICHAEL H. WOJCIK, Judge

_____

[2] In reaching this result, we acknowledge the confusion Claimant may have faced as he navigated our Commonwealth's complex UC system. With that said however, we are constrained to follow the dictates of the Law and the case law interpreting it.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justice C. Anoro,     :
           :
     Petitioner :
           :
   v.      : No. 713 C.D. 2024
           :
Unemployment Compensation :
Board of Review,     :
           :
     Respondent :

O R D E R

AND NOW, this 11th day of July, 2025, the April 25, 2024 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge