IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Minh Ta, : 
 : 
Petitioner : 
 : 
v. : No. 1305 C.D. 2020
 : Submitted: September 17, 2021
Unemployment Compensation : 
Board of Review, : 
 : 
Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE J. ANDREW CROMPTON, Judge[2]

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                              FILED:  January 14, 2022


         Minh Ta (Claimant), proceeding *pro se*, petitions for review of the order
of the Unemployment Compensation Board of Review (Board) that dismissed his
appeal as untimely under Section 501(e) of the Unemployment Compensation Law
(Law).[3]   Claimant contends that the Board erred in concluding that he was not
entitled to *nunc pro tunc* relief and dismissing his appeal as untimely.  Upon review,
we affirm.

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn
Jubelirer became President Judge.

[2] The Court reached the decision in this case prior to the conclusion of Judge Crompton's
service on the Commonwealth Court.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*,
43 P.S. §821(e).

## I. Background

Claimant applied for unemployment compensation benefits for claim weeks ending May 11, 2019, through August 10, 2019, reporting no earnings to the Department of Labor and Industry (Department). The Department received wage records from Claimant's employer, Aramark Campus LLC (Employer), which showed that Claimant had earnings in the second financial quarter of 2019 (April through June) and the third financial quarter of 2019 (July through September). On March 6, 2020, the Department issued six separate notices of determination: (1) disqualifying Claimant for benefits under Sections 401, 401(c), and 4(u) of the Law, 43 P.S. §§801, 801(c), and 753(u), for claim weeks ending May 11, 2019, through June 8, 2019; (2) disqualifying Claimant for benefits under Sections 401, 401(c), and 4(u) of the Law for claim weeks June 15, 2019, through July 13, 2019; (3) disqualifying Claimant for benefits under Sections 401, 401(c), and 4(u) of the Law for claim weeks July 13, 2019, through August 10, 2019; (4) disqualifying Claimant for benefits under Sections 401, 401(c), and 4(u) of the Law for claim weeks August 17, and 24, 2019; (5) imposing a fault payment under Section 804(a) of the Law, 43 P.S. §874(a), in the amount of $4,802.00; and (6) imposing a monetary penalty of $672.00 and 21 penalty weeks under Section 801(b) and (c) of the Law, 43 P.S. §871(b), (c). Each notice advised Claimant that March 23, 2020, was the last day to file an appeal. Claimant filed his appeal on March 26, 2020. The referee held a hearing on the timeliness of Claimant's appeal. Claimant testified with the aid of an interpreter.

Based on the testimony and other evidence presented, the referee found that each determination was mailed to Claimant at his last known post office address. The determinations were not returned as undeliverable by the United States Postal Service. Each notice advised Claimant that March 23, 2020, was the last day to file

2

an appeal. Claimant did not file an appeal on or before the deadline but instead waited until March 26, 2020. The referee found that Claimant was not misinformed nor misled regarding his right of appeal or the need to appeal. Thus, the referee dismissed Claimant's appeals as untimely. Certified Record (C.R.) at 90-91.

Claimant appealed to the Board, which remanded the matter for additional evidence regarding the timeliness of Claimant's appeal. C.R. at 101-07. On remand, Claimant offered additional testimony, again aided by an interpreter. C.R. at 159-62. The Board addressed the additional testimony summarizing that Claimant does not fully understand English and asked his son to translate the determinations for him prior to submitting the appeal. Claimant acknowledged that his son specifically advised him of the deadline before the deadline had elapsed. Based on the evidence presented, the Board could not conclude that either any administrative breakdown or non-negligent circumstances caused Claimant's untimely appeal. By decision dated September 24, 2020, the Board adopted the referee's findings and conclusions and dismissed Claimant's appeal as untimely. C.R. at 172. Claimant requested reconsideration, which the Board denied on October 23, 2020. C.R. at 181, 185.

On November 20, 2020, this Court received Claimant's *pro se* communication letter expressing his intent to appeal the Board's decision (letter of intent). In response, this Court informed Claimant that November 20, 2020, would be preserved as his date of appeal provided he perfected his appeal by filing a petition for review within 30 days, and included instructions. On December 19, 2020, Claimant filed an ancillary petition for review. The Board filed a motion to limit Claimant's petition for review to an appeal of the Board's denial of reconsideration. By order dated June 8, 2021, this Court denied the Board's motion and directed the

3

parties to address the timeliness of Claimant's appeal of the Board's final order entered September 24, 2020, in their principal briefs. Specifically, the order directed the parties to address the timeliness of Claimant's "*pro se* communication indicating his intent to appeal and whether its date of deposit with the United States Postal Service can be verified for purposes of Pennsylvania Rule of Appellate Procedure 1514(a), Pa. R.A.P. 1514(a)." *Ta v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1305 C.D. 2020, filed June 8, 2021).

## II. Issues

Both issues before this Court relate to the timeliness of Claimant's appeals. First, Claimant contends that his appeal from the Board's final order of September 24, 2020, was timely filed in this Court and attaches to his brief documents purporting to verify the same. Second, Claimant asserts that he filed a valid appeal from the Department's notices of determination and is entitled to *nunc pro tunc* relief.[4]

## III. Discussion
### A. Timeliness of Claimant's Appeal to this Court

We first address the timeliness of Claimant's appeal to this Court. Pennsylvania Rule of Appellate Procedure 1512(a) requires a petition for review to be filed within 30 days after entry of the final order. Pa. R.A.P. 1512(a). Pennsylvania Rule of Appellate Procedure 1514(a) provides:

> (a) Filing with the prothonotary.--The petition for review, with proof of the service that is required by paragraph (c) of this rule, shall be filed with the prothonotary of the

---

[4] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006 (Pa. Cmwlth. 2014).

4

appellate court in person or by first class, express, or priority United States Postal Service mail.

If the petition for review is filed by first class, express, or priority United States Postal Service mail, *the petition shall be deemed received by the prothonotary for the purposes of Pa. R.A.P. 121(a) [(relating to filing with the prothonotary)] on the date deposited in the United States mail, as shown on a United States Postal Service Form 3817 [(Form 3817)], Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified.* The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service and shall show the docket number of the matter in the government unit, and shall be either enclosed with the petition or separately mailed to the prothonotary.

Upon actual receipt of the petition for review, the prothonotary shall immediately:

(1) stamp it with the date of actual receipt. That date, or the date of earlier deposit in the United States mail as prescribed in this paragraph, shall constitute the date of filing;

(2) assign a docket number to the petition for review; and

(3) give written notice of the docket number assignment in person or by first class mail to the government unit that made the determination sought to be reviewed, to the petitioner, and to the other persons named in the proof of service accompanying the petition.

Pa. R.A.P. 1514(a) (emphasis added). This Court has explained:

Rule 1514 has two critical requirements for using Form 3817s. First, the [F]orm [3817] must identify the case to which it pertains. [*See*] Pa. R.A.P. 1514(a). Second, the party must include the [F]orm [3817] in the mailing, or mail it separately to the prothonotary. [*See i*]*d.* The clear import of these requirements is that they enable the

5

prothonotary to view the case docket number and the United States Postal Service postmark on the Form 3817 and to immediately determine whether a filing is timely.

*Mills v. Workers' Compensation Appeal Board (School District of Harrisburg)*, 24 A.3d 1094, 1096 (Pa. Cmwlth. 2011).

Section 211 of this Court's Internal Operating Procedures provides:

When the Prothonotary receives a written communication that evidences an intention to appeal an adjudication of a state administrative agency but does not conform to the rules for an appellate petition for review, the Prothonotary shall time-stamp the written communication with the date of receipt. The Prothonotary shall advise the party by letter (1) of the procedures necessary to perfect the appeal and (2) that the date of receipt of the communication will be preserved as the date of filing of the appeal if that party files a fully conforming petition for review *within 30 days of the date of the Prothonotary's letter*. If the party fails to file a fully conforming petition for review within that period, the Prothonotary shall advise the party by letter that the Court will take no further action in the matter.

210 Pa. Code §69.211 (emphasis added).

Here, because the Board's final order was entered on September 24, 2020, Claimant's petition for review was due by October 24, 2020. Although Claimant filed a petition for reconsideration, it did not toll the appeal deadline. *Sidkoff, Pincus, Greenberg & Green, P.C. v. Pennsylvania National Mutual Casualty Insurance Co.*, 555 A.2d 1284, 1288 (Pa. 1989) (a petition for reconsideration, of itself, does not toll time for appeal, unless petition is granted and hearing ordered, and thus parties must first perfect their appeal). Instead of filing his petition for review, Claimant filed a letter of intent. This Court received Claimant's letter of intent to appeal the Board's order on November 20, 2020. However, according to Claimant's submitted documentation, which includes a Form 3817, certified mail receipts, and a date-stamped envelope, Claimant deposited his

6

letter of intent in the mail with the United States Postal Service on October 23, 2020.[5] Petitioner's Brief, Exhibits A and B. Upon review, Claimant's letter of intent was timely deposited in the mail on October 23, 2020, and it effectively preserved this date for appeal purposes.

Upon receiving Claimant's letter of intent, on November 20, 2020, our Prothonotary issued a standard letter advising Claimant of the procedures necessary to perfect his appeal. Critically, the Prothonotary's letter informed Claimant that his letter of intent would preserve the date of filing of the appeal but only if he filed a fully conforming petition for review *within 30 days of the date of the Prothonotary's letter*. Claimant perfected his appeal by filing his ancillary petition for review on December 19, 2020, which is within 30 days from the date of the Prothonotary's letter. For these reasons, we conclude that Claimant's appeal to this Court was timely.

### B. Timeliness of Claimant's Appeal to the Board

We next turn to whether the Board erred by dismissing Claimant's appeal from the Department's March 6, 2019 notices of determination as untimely. Pursuant to the version of Section 501(e) of the Law, in effect at the time of Claimant's appeal,[6] a party had 15 days to appeal a determination furnished by the Department. *Formerly* 43 P.S. §821(e).

---

[5] Although the Board complains that Claimant waited more than seven months to provide proof of mailing, Claimant complied with this Court's order that directed him to address the issue of timeliness and proof of mailing in his brief.

[6] Under Section 6 of the Act of June 30, 2021, P.L. 173, the General Assembly amended Section 501(e) by giving a party 21 calendar days after the determination date to appeal. The amendment took effect June 30, 3021, and is not applicable here.

Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence. *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979); *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). "If an appeal is not filed within 15 days, it becomes final and the Board does not have the requisite jurisdiction to consider the matter." *DiBello v. Unemployment Compensation Board of Review*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018) (citing *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008)). "An appeal filed even one day after the 15-day appeal period is untimely." *Id.* "The 'failure to file an appeal within 15 days, without an adequate excuse for the late filing, mandates dismissal of the appeal.'" *Id.* (quoting *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

However, when a party has filed an untimely notice of appeal, he may be entitled to equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). A party may proceed *nunc pro tunc* with an untimely appeal if he establishes that the notice of appeal was filed late as a result of extraordinary, non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *Id.* at 1159. To establish extraordinary circumstances, an appellant must prove that the delay was caused by an administrative breakdown, fraud, or some other conduct beyond his control, which is not attributable to his own negligence. *Hessou*, 942 A.2d at 198. An appellant bears a heavy burden in seeking to justify an untimely appeal. *Pennsylvania*

8

*Turnpike Commission v. Unemployment Compensation Board of Review*, 991 A.2d 971 (Pa. Cmwlth. 2009).

Here, the Department issued its notices of determination on March 6, 2020. Each notice advised Claimant that March 23, 2020, was the last day to file an appeal. Claimant filed his appeal on March 26, 2020. Claimant initially testified that his appeal was late because he was not proficient in the English language and he needed assistance to interpret the documents. C.R. at 87. This Court has held that a language barrier, alone, is not sufficient ground to excuse an untimely appeal. *Ho v. Unemployment Compensation Board of Review*, 525 A.2d 874, 877 (Pa. Cmwlth. 1987). As we have explained, when an appellant avails himself "of our system of administrative justice, [he] implicitly assumed a duty to comply with procedures which are designed to ensure a sound and evenhanded administration of justice or risk forfeiture of [his] claim." *Id.* At the remand hearing, Claimant testified that he solicited help from his son to ascertain the contents of the Department's notices, and he was aware of the statutory deadline *prior to its expiration.* C.R. at 152, 160-61. Critically, Claimant acknowledged that, on March 20 or 21, 2020, "[m]y son did mention something about the date that I had to appeal it, [and] that I had to file . . . ." C.R. at 161. Despite Claimant's awareness of the March 23, 2020 deadline, Claimant's appeal was not filed until March 26, 2020. Claimant failed to demonstrate that extraordinary circumstances beyond his control prevented him from timely filing an appeal to warrant *nunc pro tunc* relief.[7] Thus,

---

[7] Although Claimant testified that he asked his son to help complete the appeal forms and file them, C.R. at 152, the son's negligence or delay in filing the appeal is imputed to Claimant and does not warrant *nunc pro tunc* relief. *See Bass*, 401 A.2d 1135 ("The negligence of an appellant, or an appellant's counsel, or an agent of appellant's counsel, has not been considered a sufficient excuse for the failure to file a timely appeal.").

the Board did not err or abuse its discretion in dismissing Claimant's appeal as untimely.

## IV. Conclusion

Accordingly, the order of the Board is affirmed.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Minh Ta, :
:
                Petitioner :
:
       v. : No. 1305 C.D. 2020
:
Unemployment Compensation :
Board of Review, :
:
          Respondent :

## O R D E R

AND NOW, this 14th day of January, 2022, the order of the Unemployment Compensation Board of Review, dated September 24, 2020, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge