**Sezan P. HESSOU, Petitioner**

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 16, 2007.

Decided Jan. 16, 2008.

---

Sezan P. Hessou, petitioner, pro se.

Teresa H. DeLeo, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, SIMPSON, Judge, KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Sezan P. Hessou (Claimant), representing himself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that dismissed his appeal as untimely under Section 502 of the Unemployment Compensation Law (Law).[1] The issue raised for review is whether the Board erred in dismissing Claimant's appeal *nunc pro tunc* or "now for then." We affirm.

In December 2006, Claimant filed for, and was initially denied, unemployment

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822. Section 502 of the Law provides in relevant part:

> The parties and their attorneys shall be duly notified of the time and place of a referee's hearing and of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the [B]oard, unless an appeal is filed therefrom, within fifteen days after the date of such decision the board acts on its own motion, to review the decision of the referee.

benefits pursuant to Section 402(e) of the Law, 43 P.S. § 802(e) (relating to willful misconduct). Claimant appealed, and a referee hearing was scheduled.

At the hearing, the issue was whether Claimant committed willful misconduct by the unauthorized taking of a meal from his employer's premises. A representative of the employer testified about company policy, and he offered exhibits, including the memorialization of a prior verbal warning to Claimant for trying to take meals off the premises for later consumption. The employer representative explained that Claimant was terminated for his after-warning violation of the meal policy. Claimant also testified. He admitted taking the meal off his employer's premises without authorization and without paying for it; however, he argued that he was entitled to a free meal and, therefore, was not dishonest in taking the food. Also, he denied receiving a prior warning.

The day after the hearing, Claimant requested the referee reopen the record to receive additional evidence. He also requested a subpoena for his employer's computer hard drive to obtain information about the exhibit relating to the prior verbal warning.

In a decision mailed March 21, 2007, the referee affirmed the denial of benefits. Essentially, the referee accepted the employer's evidence and rejected Claimant's evidence. Notably, the referee's decision advised Claimant an appeal to the Board needed to be filed by April 5, 2007. Claim-

ant subsequently requested a copy of the referee hearing transcript.

On April 6, 2007, one day after the appeal period expired, Claimant filed an appeal with the Board via electronic mail.[2] In June 2007, a referee, acting as the Board's hearing officer, held a hearing on the issue of the timeliness of Claimant's appeal to the Board. The Board then issued a decision and order dismissing Claimant's appeal as untimely under Section 502 of the Law. It is from this order that Claimant now appeals.[3]

On appeal, Claimant concedes he filed an untimely appeal with the Board. However, he argues relief is appropriate due to an administrative breakdown. In particular, Claimant maintains the referee failed to rule on his request to reopen the record. In addition, he asserts the Board failed to provide him a copy of the first hearing transcript before expiration of the appeal period and failed to return phone calls. These actions, Claimant maintains, constitute administrative breakdowns which inhibited his ability to file a timely appeal.

 Initially, we note that Section 502 of the Law provides that a party has 15 days to appeal a referee decision to the Board. The Department of Labor and Industry regulation, 34 Pa.Code § 101.82, provides an appeal of an unemployment compensation determination must be filed on or before the fifteenth day after the date the decision was delivered personally or placed into the mail.[4] If an appeal is

---

**2.** A claimant may file an appeal by electronic mail. *See* 34 Pa.Code § 101.82(b)(4).

**3.** Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. *Sheets v. Unemployment Comp. Bd. of Review,* 708 A.2d 884 (Pa. Cmwlth.1998).

**4.** 34 Pa.Code § 101.82(a) provides, in relevant part:
 (a) A party seeking to appeal a Department determination shall file an appeal before the 15th day after the date on which notification of the decision of the Department was delivered personally to the appellant or mailed to him.
Section 101.82(a) applies to appeals from referee decisions. *See* 34 Pa.Code § 101.102.

not filed within fifteen days of the mailing of the determination, it becomes final, and the Board does not have the requisite jurisdiction to consider the matter. *Darroch v. Unemployment Comp. Bd. of Review,* 156 Pa.Cmwlth. 435, 627 A.2d 1235 (1993). An appeal filed one day after the 15–day appeal period is untimely. *Dumberth v. Unemployment Comp. Bd. of Review,* 837 A.2d 678 (Pa.Cmwlth.2003) (*en banc* ).

▆▆▆ However, the Board may consider an untimely appeal in limited circumstances. *Unemployment Comp. Bd. of Review v. Hart,* 22 Pa.Cmwlth. 225, 348 A.2d 497 (1975). The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. *Blast Intermediate Unit No. 17 v. Unemployment Comp. Bd. of Review,* 165 Pa.Cmwlth. 513, 645 A.2d 447 (1994). An appellant may satisfy this heavy burden in one of two ways. First, he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979). Second, he can show non-negligent conduct beyond his control caused the delay. *Id.* "[F]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *United States Postal Serv. v. Unemployment Comp. Bd. of Review,* 152 Pa. Cmwlth. 603, 620 A.2d 572, 573 (1993).

▆▆▆ In unemployment compensation cases, the Board is the ultimate fact-finder. *Peak v. Unemployment Comp. Bd. of Review,* 509 Pa. 267, 501 A.2d 1383 (1985). The Board's findings are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. *Taylor v. Unemployment Comp. Bd. of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Of particular import, "[f]indings of fact made by the Board, which are not *specifically* challenged, are conclusive upon review." *Steinberg Vision Assoc. v. Unemployment Comp. Bd. of Review,* 154 Pa.Cmwlth. 486, 624 A.2d 237, 239 n. 5 (1993) (emphasis added).

Claimant first maintains the referee did not rule on his request to reopen the record. This failure, Claimant argues, constitutes an administrative breakdown that inhibited his ability to file a timely appeal. We disagree.

After reviewing numerous cases discussing the "administrative breakdown" exception, our Supreme Court in *Union Electric Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County,* 560 Pa. 481, 486–87, 746 A.2d 581, 584 (2000), stated:

> A careful reading of these cases demonstrates that there is a breakdown in ... operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party. Thus, where an administrative body acts negligently, improperly or in a misleading way, an appeal *nunc pro tunc* may be warranted.

▆▆▆ Further, this Court holds *nunc pro tunc* or "now for then" relief may be granted when: a referee's decision is mailed to an incorrect address; adequate assistance is not provided to a claimant with cognitive impairment; or, an official misleads a litigant as to the proper procedure for filing an appeal. *See UPMC Health Sys. v. Unemployment Comp. Bd. of Review,* 852 A.2d 467 (Pa.Cmwlth.2004); *Lewis v. Unemployment Comp. Bd. of Review,* 814 A.2d 829 (Pa.Cmwlth.2003); *Monroe County Bd. of Assessment Appeals v. Miller,* 131 Pa.Cmwlth. 538, 570 A.2d 1386 (1990).

▆▆▆ Here, in responding to Claimant's allegations that an administrative break-

down occurred, the Board made the following pertinent findings:

10. [Claimant] was not misinformed or mislead by the unemployment compensation authorities concerning his right or the necessity to appeal.

11. [Claimant's] filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct.

Bd. Op., 7/18/07, Finding of Fact (F.F.) Nos. 10, 11. Claimant does not specifically challenge these findings on appeal. Pet. for Review at 2; Claimant's Br. at 11–15. Instead, Claimant takes issue with the Board's overall determination to deny him relief. *Id.* As a result, these findings are conclusive on appeal. *Steinberg Vision Assoc.*

Moreover, the Board's findings are amply supported. To this end, the referee's decision, mailed *after* Claimant's request to reopen the record, denied Claimant benefits. Original Record (O.R.) at Item 10. Importantly, this decision expressly notified Claimant of the correct appeal period. *Id.* Claimant admittedly disregarded this notice, stating:

I'm sorry for filing it late.... Yes, I was fully aware of the deadline, but I was also waiting on documents, transcript, copy of the tape, and to hear back from the Referee's Office, and I did not get any of that. Then, I decided to take an action without those, which made me submit my Appeal one day, or the next day after the deadline, which was April the 6th ....

Notes of Testimony (N.T.), 6/25/07, at 11.

■ The referee's alleged failure to rule on the motion to reopen the record does not constitute grounds for relief. The referee's decision expressly affirmed the denial of benefits. It was issued after the post-hearing requests, implicitly conveying a denial of them. Also, the referee's decision explicitly stated the correct time in which to appeal. In sum, the referee's decision denied relief to Claimant and advised him that his recourse was an appeal within 15 days. There is nothing negligent, improper or misleading about the referee's decision.

Next, Claimant asserts the Board's failure to provide transcripts of the first hearing *before* expiration of the 15–day appeal period prevented a timely appeal. This contention also fails.

We recognize attendant regulations and decisional law provide interested parties due process rights, including the right to review a transcribed copy of the record testimony before the parties submit Board briefs or the Board renders an adjudication. *See* 34 Pa.Code § 101.71 (relating to copies on request); *Moyer v. Unemployment Comp. Bd. of Review,* 36 Pa.Cmwlth. 553, 388 A.2d 772 (1978). However, it is well-settled in unemployment compensation proceedings that the record is not transcribed unless a further appeal is filed with the Board. 34 Pa.Code § 101.54(a). *See* 38 *Standard Pennsylvania Practice 2d* § 166:959 (2006 ed.). Upon the filing of an appeal, the record is then transcribed and forwarded to the Board. 34 Pa.Code § 101.54(a).

■ Importantly, no Pennsylvania statute, regulation, or case requires the Board provide a transcribed copy of the record testimony elicited at a referee hearing to a party before expiration of 15–day appeal period. The applicable regulations here require the Board provide a referee hearing transcript *after* an appropriate appeal is filed and upon request by an inter-

ested party. 34 Pa.Code § 101.54(a), (b).[5]

Parties seeking information from the file of the Board before expiration of the appeal period have a different remedy: they may request to review the file at the referee's office at a reasonable time. 34 Pa. Code § 101.54(b). This alternate remedy is available during the 15–day appeal period, and it adequately protects parties' due process rights. Unfortunately, Claimant did not ask to examine the record or listen to the tape of the first hearing.

 Claimant, unfamiliar with the regulations, postponed filing his appeal because he did not obtain a transcript of the first hearing before expiration of the appeal period. This was a mistake. Claimant's unfamiliarity with Board procedure does not excuse his untimely filing. *See Finney v. Unemployment Comp. Bd. of Review*, 81 Pa.Cmwlth. 101, 472 A.2d 752 (1984) (failure to understand appeal procedures does not warrant an allowance of a late appeal). Stated otherwise, Claimant's acts resulted in the delay here.

 Finally, the Board's alleged failure to return phone calls does not warrant *nunc pro tunc* or "now for then" relief. Neither the Board nor the referee engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Bd. Op.,

7/18/07, F.F. Nos. 10–13. The referee's decision notified Claimant of the appeal period. O.R. at Item 10. Claimant admittedly ignored this information and filed an untimely appeal. N.T., 6/25/07, at 11; F.F. No. 13. Claimant's conduct caused the delay, and, therefore the Board properly dismissed the appeal. Accordingly, the Board is affirmed.

### ORDER

AND NOW, this 16th day of January, 2008, the Unemployment Compensation Board of Review is **AFFIRMED.**

---

5. 34 Pa.Code § 101.54 provides:
 (a) The proceedings of appeal hearings, at both referee and Board levels shall be recorded and preserved for a period of 2 years. The record need not be transcribed unless a further appeal is filed. In the event an application for further appeal is filed from the decision of a referee, the record shall be transcribed and transmitted to the Board, together with records and documents in the appeal proceeding. At any time the Board may require the complete record of a case, or a part thereof, to be transcribed and filed with the Board.
 (b) When an interested party or his representative requests information from the file of the Board in order to present and maintain the issues at a hearing before a referee or the Board, or in an appeal to the Court, such information (including the hearing transcript, where the record has been transcribed) shall be made available at a reasonable time to the party and his representative, without charge, at the office of the referee to whom the case was assigned or at the central office of the Board in Harrisburg, Pennsylvania, whichever is more convenient to the interested party or his representative, for examination, copying and making notations therefrom. An examination of the file shall be permitted only for purposes relating to the [Law] and for no other proceeding or purpose.