IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lahaina Kameha, :
               Petitioner :
                     :
        v. : No. 366 C.D. 2019
                     : Submitted: August 23, 2019
Unemployment Compensation Board :
of Review, :
            Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ROBERT SIMPSON, Judge[1]
              HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: October 30, 2019

        Lahaina Kameha (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) that dismissed her appeal as untimely under Section 502 of the Unemployment Compensation Law (Law).[2]  Discerning no error by the Board, we affirm.

        Claimant worked part-time for Reliance First Capital (Employer) as a Telemarketer Verification Agent beginning on August 24, 2016.  Her last day was

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §822.  Section 502 of the Law provides, in relevant part:

> The parties and their attorneys or other representatives of record and the department shall be duly notified of the time and place of a referee's hearing and of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the [B]oard, unless an appeal is filed therefrom, within fifteen days after the date of such decision the board acts on its own motion, to review the decision of the referee.

43 P.S. §822.

June 16, 2017. Claimant filed a claim for unemployment compensation benefits, which the Unemployment Compensation (UC) Service Center denied under Section 402(b) of Law, 43 P.S. §802(b).[3] Claimant appealed, and the Referee held a hearing on October 3, 2017. Claimant appeared and testified at this hearing. The Referee concluded that Claimant failed to establish a necessitous and compelling reason for leaving her employment and affirmed the UC Service Center's determination that Claimant was ineligible for benefits. The Referee mailed his decision to Claimant on October 5, 2017. The Referee's decision stated that the final date to appeal was October 20, 2017.

Claimant appealed to the Board on November 7, 2018. On November 16, 2018, the Board informed Claimant that her appeal was untimely. Claimant requested a hearing, prompting the Board to remand the matter to the Referee for further proceedings on whether the Board could still exercise jurisdiction.

The Referee conducted a telephonic hearing on January 31, 2019. When asked whether she received a copy of the Referee's October 5, 2017, decision, Claimant testified as follows:

[Referee:] Did you receive the Referee's Decision?

\* \* \*

[Claimant:] That's the one that I did not get right away. I had been in the process of working with an agent from LifeLock with the fraudulent activity that was going on with my mail and with my bank accounts and all sorts of things.

---

[3] Section 402(b), 43 P.S. §802(b), states, in relevant part, that a claimant shall be ineligible for compensation for any week in which the claimant's unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

2

[Referee:] Okay. But you attended the hearing. So after attending the hearing, are you saying you never received the Referee's Decision?

[Claimant:] Yes.

Notes of Testimony, 1/31/2019, at 5-6 (N.T.___). After some further questioning, Claimant acknowledged that she did, in fact, receive the Referee's decision. The following exchange ensued:

[Referee:] So why was your appeal so late, ma'am?

[Claimant:] Well, for two reasons. One I did not receive the letter saying that it had to be addressed by that time. And then, the other reason was that I was working with someone who was working with me as far as fraudulent activity going on with the mail and with my identity and things like that.

N.T. 6. Later, when asked again why her appeal was late, Claimant stated that she received the Referee's decision more than a year late. Eventually, Claimant stated that she received the Referee's decision in October 2017 and faxed an appeal of the decision from a CareerLink office before the end of that month. She testified that she called the UC Service Center to verify that her fax was received and an employee told her that her appeal had been sent to the Board.

The Referee transmitted the hearing transcript to the Board for disposition, and on February 25, 2019, the Board dismissed Claimant's appeal as untimely. The Board reasoned:

The last day to file an appeal from this decision was October 20, 2017. However, the claimant did not file an appeal until November 7, 2018. The claimant advances several excuses for her late appeal, yet, appeared to be confused about the appeal process. Nevertheless, the claimant acknowledged that she received the determination of the Referee in October of 2017,

3

and that she attempted to fax an appeal in that same month. However, the record is void of any evidence on this attempted faxed appeal. The claimant also appeared to assert that her mail[] was fraudulently intercepted and forwarded. However, this is discredited and contrary to her acknowledgment that she attempted to appeal in October of 2017.

Board Adjudication at 2. Claimant now petitions for this Court's review.

On appeal,[4] Claimant focuses on the merits of her case, arguing that the Referee erred in determining she was ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b). Claimant contends she had a necessitous and compelling reason for quitting her job. However, that issue is beyond the scope of this appeal. The sole issue before this Court is whether the Board erred in dismissing Claimant's appeal as untimely.

Claimant addresses the timeliness issue only in passing by suggesting that her appeal was late due to fraudulent activity with her mail. She asks this Court to "overlook" the fact that her appeal was late. Claimant Brief at 13. The Board responds that Claimant failed to provide an adequate excuse for her late appeal, and that it properly dismissed the appeal for lack of jurisdiction. We agree.

Section 502 of the Law provides that an appeal to the Board must be filed "within fifteen days after the date of [the referee's] decision." 43 P.S. §822. The 15-day time limit is mandatory; the Board may not consider a claimant's eligibility for benefits if her appeal is untimely. *Shea v. Unemployment Compensation Board of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006). The appeal

---

[4] This Court's review of the Board's adjudication determines whether Claimant's constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695, 697 (Pa. Cmwlth. 1994).

period cannot be "extended as a matter of grace or indulgence." *Id.* at 33 (quotations omitted). In other words, the 15-day appeal deadline is strictly enforced. *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) ("[A]n appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely.").

However, the Board may consider an untimely appeal *nunc pro tunc* in limited circumstances. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). An appellant must show: (1) the administrative agency engaged in fraudulent behavior or manifestly wrongful or negligent conduct; or (2) non-negligent conduct beyond the appellant's control caused the delay. *Id.* at 198. Without an adequate excuse for the late filing, the Board must dismiss the appeal. *Id.*

Here, Claimant offered inconsistent testimony when questioned about her late appeal. She first testified that she never received the Referee's decision because of fraudulent activity with her mail. Then she claimed to have received the decision a year late. Finally, Claimant testified that she received the Referee's decision in October 2017 and faxed her appeal by the end of the month. The Board rejected this testimony because Claimant offered no evidence of an attempt to fax an appeal. The Board also discredited Claimant's testimony that her mail had been fraudulently diverted since it was contrary to her own testimony that she attempted to appeal in 2017. Because the Board is the fact finder in unemployment compensation cases and has complete authority over credibility determinations, we are bound by those determinations. *Kelly v. Unemployment Compensation Board of Review*, 776 A.2d 331, 336 (Pa. Cmwlth. 2001). Thus, we agree with the Board that

Claimant failed to provide an adequate excuse for filing her appeal more than one year late. Nor did she establish that her untimely appeal was the result of fraud or a breakdown in the administrative or judicial process. Accordingly, because the Board did not err in dismissing Claimant's appeal, we affirm its adjudication.

_____
MARY HANNAH LEAVITT, President Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lahaina Kameha,                          :
                Petitioner          :
                                :
            v.                          :    No. 366 C.D. 2019
                                :
Unemployment Compensation Board          :
of Review,                               :
                Respondent          :

# **O R D E R**

AND NOW, this 30th day of October, 2019, the order of the Unemployment Compensation Board of Review dated February 25, 2019, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge