# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denita Gearing,                 :
            Petitioner      :
                              :
        v.                  :    No. 244 C.D. 2023
                              :    SUBMITTED: February 6, 2024
Unemployment Compensation Board   :
of Review,                         :
            Respondent    :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE LORI A. DUMAS, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                 **FILED: March 5, 2024**

       Denita Gearing, Claimant, petitions for review from the order of the Unemployment Compensation Board of Review, which affirmed the decision of the Referee dismissing as untimely Claimant's appeal from the monetary determination issued by the Department of Labor and Industry. We affirm.

       The relevant facts of the case as found by the Referee (and adopted by the Board) are as follows. On January 7, 2022, the Department issued to Claimant's last known address a monetary determination which found her financially eligible for a weekly unemployment compensation benefit of $413 for a maximum of 26 full weeks. The determination contained appeal instructions specifying that the final

date to appeal was January 28, 2022. The Referee found that Claimant did not appeal the determination by the deadline. Rather, she filed an appeal on July 19, 2022.[1]

The Referee determined that Claimant's appeal was untimely under Section 501(e) of the Unemployment Compensation Law.[2] Claimant appealed to the Board asserting that she had filed timely, attaching as an exhibit an appeal form dated January 13, 2022. The Board adopted the Referee's findings and conclusions and, as stated previously, affirmed. The Board noted that Claimant had provided no definitive testimony as to when or how she appealed and stated that she had failed to establish good cause for an appeal filed nearly six months late. The instant petition for review to this Court ensued.

On appeal, Claimant, although asserting that she complied with the filing requirements for unemployment compensation benefits, does not advance an argument that she filed an appeal on time. She also sets forth several hardships she has encountered in recovering from a work injury sustained when she was attacked by a student at the school where she was working, stating that she was "confused with filing processes." [Claimant's Br. at 6 (the statements regarding the attack and much of the detail of her subsequent difficulties during treatment are outside the record developed before the Referee).]

---

[1] Claimant participated in a telephonic hearing before the Referee to present testimony concerning her appeal. At the hearing, Claimant testified that she "did appeal [the determination] on January 13, 2022." (Notes of Testimony "N.T." at 3.) Later, Claimant testified that she signed a form on January 13, 2022. When asked how she filed the appeal of the monetary determination, Claimant equivocally testified as follows: "I believe I sent this back to www.ufc.pa.gov. Oh, actually, I probably mailed it to the Office of Unemployment Compensation in Harrisburg." (N.T. at 5.) Claimant did not have proof of mailing.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

Section 501(e) of the Law requires an appeal from a Department determination to be filed within 21 days. 43 P.S. § 821(e). Compliance with this provision is mandatory, *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993), and failure to comply deprives the Board of jurisdiction to consider the matter, *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). While Claimant testified variously that she did or "probably" did file an appeal form on time, the Board rejected her testimony. As the Board is the ultimate factfinder, we cannot disturb this finding on appeal.[3] *Elser v. Unemployment Comp. Bd. of Rev.*, 967 A.2d 1064, 1069 n.8 (Pa. Cmwlth. 2009).

To the extent that Claimant asserts that the hardships caused by her work injury provide grounds for a late appeal, i.e., an appeal *nunc pro tunc*, she has not shown either (1) an administrative breakdown that constituted fraudulent behavior or manifestly wrongful or negligent conduct or (2) non-negligent conduct beyond her control. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (stating the limited circumstances when the Board may consider an untimely appeal). Claimant suggested at the hearing before the Referee that she was "seeing doctors and all sorts of professionals due to this accident" and that this might have caused her to lose proof of mailing (Notes of Testimony at 6), but given that the burden to establish the right to have an untimely appeal considered is heavy, *id.*, we can hardly say that the Board erred in determining that Claimant did not meet it. Finally, the further information concerning the attack upon Claimant at work and

---

[3] The appeal form bearing a handwritten date of January 13, 2022, submitted as an exhibit with Claimant's appeal from the Referee to the Board (Certified Record at 83), was not presented to the Referee and, as such, was not properly before the Board. *Tener v. Unemployment Comp. Bd. of Rev.*, 568 A.2d 733, 738 (Pa. Cmwlth. 1990) (the Board did not err in declining to consider on appeal evidence not previously submitted to a referee).

her resulting injuries set forth in her appeals to the Board and to this Court was not presented to the Referee and thus could not be considered by either the Board or this Court. *Hollingsworth v. Unemployment Comp. Bd. of Rev.*, 189 A.3d 1109, 1113 (Pa. Cmwlth. 2018) (the Board may not consider evidence that was not presented to the referee in rendering its decision and the Court cannot consider averments of facts outside the record when reviewing the Board's findings).

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Denita Gearing,                                      :
                              Petitioner             :
                                                     :
            v.                                       :    No. 244 C.D. 2023
                                                     :
Unemployment Compensation Board                      :
of Review,                                           :
                              Respondent             :

## O R D E R

AND NOW, this 5th day of March, 2024, the order of the Unemployment Compensation Board of Review is AFFIRMED.

---

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita