IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mourad D. Isaac, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 1028-1042 C.D. 2023 |
| | : | Submitted: August 9, 2024 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED:  October 10, 2024


In these consolidated appeals, Mourad D. Isaac (Claimant), *pro se*, petitions for review of 15 orders (collectively, Orders) of the Unemployment Compensation Board of Review (Board),[1] which affirmed the Unemployment Compensation

---

[1] The Orders are at the following Board docket numbers: 2022007942-BR, 2022007943-BR, 2022007944-BR, 2022007946-BR, 2022007947-BR, 2022007948-BR, 2022007949-BR, 2022007950-BR, 2022007951-BR, 2022007953-BR, 2022007954-BR, 2022007955-BR, 2022007956-BR, 2022007957-BR, and 2022007959-BR. By order dated November 7, 2023, this Court granted the Board's motion for consolidation. Order, 11/7/2023.

Referee's (Referee) corresponding decisions (collectively, Decisions)[2] dismissing Claimant's appeals from 18 Notices of Determination (collectively, Determinations) issued by the UC Service Center. The Referee's Decisions dismissed Claimant's appeals of the Determinations as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[3] After review, we affirm.

## BACKGROUND

Claimant filed a claim for Pandemic Unemployment Assistance (PUA)[4] with the Department of Labor and Industry (Department) effective March 14, 2021. Certified Record (C.R.), at 3. The UC Service Center issued the following Determinations dated October 8, 2021: (1) six Determinations finding Claimant ineligible for PUA benefits[5] under Section 401(b)(1) of the Law, 43 P.S. §

---

[2] The Decisions are at Referee's docket numbers: 2021054956-AT, 2021054963-AT, 2021054969-AT, 2021054975-AT, 2021054982-AT, 2021054999-AT, 2021055007-AT, 2021055017-AT, 2021055027-AT, 2021055037-AT, 2021055101-AT, 2021055108-AT, 2021055123-AT, 2021055145-AT, and 2021055156-AT. Notably, the Referee's decision at docket number 2021054956-AT addressed 3 of the 18 Determinations, resulting in 15 Decisions.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

[4] "PUA provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available for work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related reasons . . . ." Office of Unemployment Compensation, Pennsylvania's Pandemic Unemployment Assistance Portal, https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited October 9, 2024).

[5] Specifically, these Determinations found Claimant ineligible for PUA benefits for the following weeks: July 25, 2021, through July 31, 2021, C.R. at 921-30; August 1, 2021, through August 7, 2021, *id.* at 959-68; August 8, 2021, through August 14, 2021, *id.* at 997-1006; August 15, 2021, through August 21, 2021, *id.* at 1035-44; August 22, 2021, through August 28, 2021, *id.* at 10-19; and August 29, 2021, through September 4, 2021, *id.* at 1073-82.

801(b)(1);[6] (2) six Determinations assessing Claimant non-fraud PUA overpayments[7] under Section 2102(h) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act);[8] and (3) six Determinations assessing Claimant non-fraud Federal Pandemic Unemployment Compensation (FPUC) overpayments[9] under Section 2104(f) of the CARES Act.[10]  On November 29, 2021, Claimant appealed the Determinations to the Referee.  C.R. at 523, 533.

The Referee held a telephone hearing on July 11, 2022.  *Id.* at 506.  Claimant participated in the hearing *pro se* as the sole witness to testify.  *Id.*  In relevant part, Claimant indicated he received the Determinations in the mail, but could not recall when he received them.  *Id.* at 522.  Claimant explained that after he received the Determinations in the mail, he tried to appeal via electronic mail, but received errors.  *Id.* at 523-34.  Then, he printed his appeal documents and provided them to the

---

[6] Section 401(b)(1) of the Law provides compensation is payable to an individual who is unemployed and "[i]s making an active search for suitable employment."  43 P.S. § 801(b)(1).

[7] Specifically, these Determinations assessed the following non-fraud PUA overpayments: $195 for the week ending July 31, 2021, C.R. at 43-53; $195 for the week ending August 7, 2021, *id.* at 609-19; $195 for the week ending August 14, 2021, *id.* at 648-58; $195 for the week ending August 21, 2021, *id.* at 726-36; $195 for the week ending August 28, 2021, *id.* at 804-14; and $195 for the week ending September 4, 2021 (collectively, PUA Overpayment Determinations), *id.* at 882-92.

[8] 15 U.S.C. § 9021(h).

[9] Specifically, these Determinations assessed the following non-fraud FPUC overpayments: $300 for the week ending July 31, 2021, C.R. at 570-80; $300 for the week ending August 7, 2021, *id.* at 20-30; $300 for the week ending August 14, 2021, *id.* at 687-97; $300 for the week ending August 21, 2021, *id.* at 765-75; $300 for the week ending August 28, 2021, *id.* at 843-53; and $300 for the week ending September 4, 2021 (collectively, FPUC Overpayment Determinations), *id.* at 31-41.

[10] 15 U.S.C. § 9023(f).

3

office. *Id.* While he indicated he was "quite sure that [he] didn't file past the deadline," he was unable to provide an exact date of filing. *Id.* at 523.

After the hearing, the Referee issued the following identical findings in each of his Decisions:

> 1. [Claimant] filed an application for [PUA] effective March 14, 2021.
>
> 2. On October 8, 2021, the UC Service Center issued [the Determinations] finding [Claimant was] denied payments of [PUA] under 401(b)(1)(i) of [the Law] with overpayments under Section 2102(h) and corresponding payments of [FPUC under] Section 2104(f)(3)(A) of the CARES Act . . . .
>
> 3. A copy of the [Determinations] was mailed to [Claimant's] last known post office address on the above date and/or to [Claimant's] preferred method of notification.
>
> 4. The [Determinations] were not returned as being undeliverable.
>
> 5. The last day on which a valid appeal could be filed from the [Determinations] was October 29, 2021.
>
> 6. [Claimant] did not file an appeal on or before October 29, 2021 but filed the appeal in person received by the [Department] on November 29, 2021.
>
> 7. [Claimant] credibly testified he was having issues filing his appeal online, but had no recollection of the date he filed his appeal in person.

Referee's Findings of Fact (F.F.) Nos. 1-7; C.R. at 534, 583, 622, 661, 700, 739, 778, 817, 856, 895, 933, 971, 1009, 1047, 1085.

With those findings, the Referee dismissed Claimant's appeals as untimely under Section 501(e) of the Law, which provides a 21-day appeal deadline. *Id.* at 535, 584, 623, 662, 701, 740, 779, 818, 857, 896, 934, 972, 1010, 1048, 1086. The Referee noted he lacked jurisdiction to allow any appeal filed after the expiration of the mandatory statutory appeal deadline. *Id.* Claimant failed to establish he was

4

misled or misinformed about his appeal rights. *Id.* Additionally, the Referee noted Claimant did not indicate he was prevented from filing a timely appeal due to fraud or a breakdown in the administrative process. *Id.* Therefore, the Referee dismissed Claimant's appeals. *Id.*

Claimant appealed to the Board. By Orders mailed August 2, 2023, the Board adopted and incorporated the Referee's findings of fact and conclusions of law, except that it added the following: "Finding of Fact 5a: 'The [Determinations regarding] non-fraud PUA and FPUC overpayments incorrectly specified that the final date to appeal was November 2, 2021. The final date to appeal was October 29, 2021.'" *Id.* at 553, 592, 631, 670, 709, 748, 787, 826, 865, 904, 942, 980, 1018, 1056, 1094. In its Orders, the Board highlighted that Claimant filed his appeals a month after the deadline and explained *nunc pro tunc* relief may be considered in limited circumstances, but here Claimant "did not meet [his] burden because while he testified that he had difficulty emailing his appeals, and he ultimately filed his appeals using a different method, he did not explain the reason for the month's delay in filing his appeals. Thus, he did not establish that the delay in filing his appeals was caused by non-negligent conduct." *Id*. Accordingly, the Board determined Claimant's appeals were untimely and affirmed the Referee's Decisions.

Claimant now appeals the Board's Orders to this Court. On appeal, Claimant focuses his argument on his eligibility for benefits rather than the timeliness of his appeal.[11] Claimant's Br. *generally*. The Board argues Claimant's appeals of the

---

[11] In the Statement of Questions Involved section of his Brief, Claimant states:

> What I understand if I am not qualified for unemployment if I don't have any income [I] will be qualified for $195 a week [b]ecause [I] work [a] state [j]ob and union [j]ob does not give me any work because everywhere was shut[]down.

**(Footnote continued on next page…)**

5

Determinations were properly dismissed because Claimant filed them one month beyond his appeal deadline, and thus the appeals were untimely. Board's Br. at 1. Additionally, the Board contends Claimant waived any claim he is entitled to *nunc pro tunc* relief, and even if he did not waive those claims, he failed to establish good cause for filing the late appeals. *Id.*

## DISCUSSION

This Court reviews unemployment compensation orders for violations of a party's constitutional rights, violations of agency practice and procedure, or other errors of law. 2 Pa. C.S. § 704.

The sole issue before this Court is whether Claimant filed timely appeals from the Determinations. Section 501(e) of the Law, 43 P.S. § 821(e), provides that an aggrieved party has 21 days to appeal from a determination issued by the Department.[12] This Court has held a party's failure to file an appeal within the appeal deadline renders a determination final. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). Where an appeal is filed even one day beyond the appeal deadline, it is untimely. *Id.* Generally, a referee lacks jurisdiction to consider the merits of an untimely appeal. *Id.* However, under extraordinary circumstances, a referee may consider an untimely appeal where the party seeking to file the late appeal demonstrates entitlement to *nunc pro tunc* relief. *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n. 1 (Pa.

Claimant's Br. at 4.

[12] We note that in the Act of June 30, 2021, P.L. 173, the General Assembly extended the appeal deadline in Section 501(e) of the Law from 15 days to 21 days, which applies to notices of determination issued after July 24, 2021. Because the Determinations here were issued after July 24, 2021, the 21-day appeal period applies.

Cmwlth. 2009).[13]  To justify an untimely appeal and obtain *nunc pro tunc* relief, a party bears a heavy burden of proving circumstances involving (1) fraud or a breakdown in the administrative authority's operation or (2) non-negligent conduct on the part of the party, his attorney, or a third party that was beyond his control. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996).

Here, Claimant admitted he received the Determinations.  The Determinations advised Claimant that he had 21 days to file his appeals, or until October 29, 2021.[14] Claimant did not file his appeals until November 29, 2021.  The Board accepted Claimant's testimony regarding his difficulties filing his appeals online but emphasized that Claimant failed to file his appeals via an alternative method until nearly one month after his appeal deadline.  Claimant failed to provide any evidence that fraud, a breakdown in the administrative process, or non-negligent circumstances beyond Claimant's control contributed to his late filings. Accordingly, Claimant is not entitled to *nunc pro tunc* relief.  Substantial evidence in the record supports the Board's finding that Claimant failed to timely appeal the Determinations to the Referee.

## CONCLUSION

Claimant did not appeal within 21 days of the Determinations, and consequently, his appeals were untimely.  Additionally, Claimant failed to establish entitlement to *nunc pro tunc* relief.  Accordingly, the Board did not err, and we

---

[13] Even though Claimant does not argue for *nunc pro tunc* relief, we still consider whether *nunc pro tunc* relief was available.

[14] Although it does not impact our analysis, we note the PUA Overpayment Determinations and the FPUC Overpayment Determinations provided a miscalculated appeal deadline of November 2, 2021.

affirm the Board's Orders dismissing Claimant's appeals as untimely under Section 501(e) of the Law.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mourad D. Isaac, : **CASES CONSOLIDATED**
                Petitioner :
                                :
          v. : Nos. 1028-1042 C.D. 2023
                                :
Unemployment Compensation :
Board of Review, :
               Respondent :

# **O R D E R**

**AND NOW**, this 10th day of October 2024, the orders of the Unemployment Compensation Board of Review, mailed August 2, 2023, are **AFFIRMED**.

 

_____
STACY WALLACE, Judge