# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cierra Minnich, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1401 C.D. 2023 |
| | : | Submitted: October 8, 2024 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
            HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED:  November 7, 2024

Cierra Minnich (Claimant), proceeding pro se, petitions for review of a September 28, 2023 Order of the Unemployment Compensation Board of Review (Board), which affirmed a Referee's Decision dismissing Claimant's appeal of a non-fault overpayment determination as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  Claimant argues the Board erred because, after reporting she was the victim of fraud, she did not believe she needed to do anything further, and she should not be held financially responsible for benefits she never received.  Upon review of the record, we are constrained to affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e) (providing for a 21-day appeal period before a notice of determination is deemed final).

In October 2021, Claimant filed a claim for unemployment compensation (UC) benefits. (Certified Record (C.R.) at 3.) In January 2023, Claimant reported an incorrect amount on her Form 1099-G and a fraud report was created. (*Id.* at 12.) A Disqualifying Determination was issued on April 19, 2023, indicating that the Department of Labor and Industry's (Department) investigation was complete and a claim using Claimant's name and Social Security number was fraudulently filed without Claimant's knowledge or consent; however, the Department further found that although the claim was filed without Claimant's knowledge, Claimant was the recipient of benefits for a number of benefit weeks, for which Claimant was not eligible. (*Id.* at 18.) It also advised that Claimant had until May 10, 2023, to appeal the determination. (*Id.*)

Also on April 19, 2023, a Notice of Determination Non-Fault UC Overpayment was issued to Claimant, stating Claimant received $3,401.00 in UC benefits to which Claimant was not entitled. (*Id.* at 28.) Because Claimant received payment for weeks that were fraudulently filed, the overpayment was designated as a non-fault non-fraud overpayment. (*Id.*) This notice also stated the final day to appeal was May 10, 2023. (*Id.*)

Claimant filed an appeal of the determinations on May 24, 2023, in which she stated, "Account hacked[;] these are fraud. Was unaware I had to file appeal." (*Id.* at 50.) The matters were consolidated for purpose of a hearing. (*Id.* at 57.) A hearing was held before the Referee on June 8, 2023, at which Claimant and Claimant's Mother testified. Claimant testified she received the notices electronically and read them, although she was unsure of when. She further testified that "when [Claimant] was informed in January about this situation, [Claimant] was told that [Claimant] didn't have to do anything further, that it was taken care of, that

2

they had did [sic] an investigation, seen [sic] it was fraud . . . ." (*Id*. at 71.) Claimant explained she filed the appeal on May 24, 2023,

> [b]ecause [Claimant] received another check in the mail that [Claimant] did not file, was confused, got on [her] portal, seen [sic] that they set up a payment request for [Claimant] to pay $100 a month. And I got on with Unemployment right away. I talked to the guy and he said, get on. He apologized to me. He understood I've never dealt with Unemployment, understood that, told me what to do, and said, get on and file an appeal right away. It's going to bounce. It might bounce back because of when you were supposed to file, but if you get that in there, they'll look into it. So I think his name was Eric []. I did what he told me to do.

(*Id.* at 71.)

The Referee asked why, after receiving two notices of determination that advised Claimant to appeal if she disagreed with them, Claimant did not do so, to which Claimant responded, "I just didn't understand it, to be honest with you." (*Id.* at 72.) Claimant further stated that "[i]t was [her] fault, [her] mistake because [she] didn't know." (*Id.*) Claimant's Mother testified Claimant was "very confused because she's never done this before" and was "under the assumption everything was handled when she called Unemployment." (*Id.*)

Following the hearing, the Referee found as follows:

> 1. On April 19, 2023, two [] Notices of Determination were issued denying . . . []UC[] benefits under Section[] 401(c)[] of the Law[, 43 P.S. § 801(c),] and assessing a non-fault overpayment under Section 804(b) of the Law[, 43 P.S. § 874(b)[2]].

---

[2] Specifically, Section 804(b)(1) provides, in relevant part:

> Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or

**(Footnote continued on next page…)**

2. Copies of the [Notices of] Determination[] were sent by the [D]epartment [to] [] Claimant[] by [] Claimant['s] preferred method of UC correspondence and uploaded to the Claimant portal.

3. [] Claimant's preferred method of UC [c]orrespondence is internal messaging with email notification.

4. The Notices of Determination were not returned as being undeliverable.

5. The Notices of Determination informed [] Claimant that she had until May 10, 2023, to file an appeal if [] Claimant disagreed with the [Notices of D]etermination[].

6. On May 24, 2023, [] Claimant filed the appeal from the [N]otices of Determination.

7. [] Claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

(Referee's Decision Findings of Fact (FOF) ¶¶ 1-7.)

The Referee explained:

Claimant was unable to provide any evidence or competent testimony that she filed an appeal prior to the appeal dated May 24, 2023, after receiving the Notices of Determination . . . in this case. Although [] Claimant attended the hearing, the Referee has no competent evidence regarding the late appeal to consider the appeal as timely filed. The provisions of [] Section [501(e)] of the Law are mandatory, and the Referee has no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period. Therefore, [] Claimant's appeal is dismissed.

(Referee's Decision at 2.)

---

the three-year period immediately following such benefit year, in accordance with the provisions of this paragraph.

43 P.S. § 874(b)(1).

Claimant then appealed to the Board, which adopted the Referee's findings and conclusions. (Board Order at 1.) It noted the last day for Claimant to appeal the determinations was May 10, 2023, but Claimant did not file her appeals until May 24, 2023. It further found that Claimant did not provide evidence that would warrant *nunc pro tunc* relief, such as evidence of fraud, administrative breakdown, or non-negligent conduct and, therefore, the appeals were properly dismissed as untimely (*Id.*)

Thereafter, Claimant filed a Petition for Review in this Court, challenging the overpayment determination.[3] Before this Court,[4] Claimant argues she is unfamiliar with the unemployment system and did not know that she had to file an appeal because she did not receive the benefits that are the subject of the overpayment and previously called UC officials and reported someone else fraudulently obtained benefits in her name. Claimant further asserts she was "under the impression there was nothing for [her] to do since [she] reported this fraud." (Claimant's Brief (Br.) at 6.) After receiving repayment information, Claimant asserts she called UC officials and was told to file the appeal. Claimant argues she was not permitted to present evidence as to the overpayment to the Referee, who stated the purpose of the hearing was the timeliness issue.[5]

---

[3] Claimant does not appear to have filed a separate petition for review of the eligibility determination.

[4] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[5] Claimant appended documents to her brief that do not appear in the Certified Record. As such, we cannot consider those documents. *Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. Cmwlth. 2022).

The Board responds that Claimant's appeal was untimely and Claimant did not show good cause for the late appeal that would warrant *nunc pro tunc* relief. To the extent Claimant argues she was misled by someone at the Department, the Board asserts Claimant did not present any evidence that she was misinformed as to the availability, timing, or need to file an appeal. Rather, Claimant's testimony shows they discussed potential fraud related to her claim. It also points out the overpayment determination was issued four months after Claimant allegedly spoke with the Department representative. According to the Board, the record is also devoid of any evidence that the late appeal was the result of non-negligence. Instead, Claimant testified she did not believe she needed to appeal. Thus, the Board argues its Order should be affirmed.

The sole issue before the Court is whether Claimant's appeal was timely and, if not, whether Claimant is entitled to *nunc pro tunc* relief. Section 501(e) of the Law governs appeals from a notice of determination and states:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment under section five hundred and one (a), (c) and (d), no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e). The failure to file an appeal within the requisite time period deprives the Referee of jurisdiction over the matter and the determination becomes final. *Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). Limited circumstances exist in which an untimely appeal may be considered. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa.

Cmwlth. 2008). Allowable exceptions include cases involving fraud or a breakdown in the administrative process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979).

Here, there is no dispute that Claimant's appeal was untimely. Thus, we turn to whether Claimant's appeal should nonetheless be considered *nunc pro tunc*. Claimant suggests there was an administrative breakdown in that, when she called to report the fraud in January, she was not advised that she needed to do anything further. The Referee, whose findings the Board adopted, heard Claimant's testimony to this effect and determined "Claimant was not misinformed nor in any way misled regarding the right to appeal or the need to appeal." (FOF ¶ 7.) It is well settled that "the Board is the ultimate fact finder and is, therefore, entitled to make its own credibility determinations." *Walsh v. Unemployment Comp. Bd. of Rev.*, 943 A.2d 363, 368 (Pa. Cmwlth. 2008). In essence, on appeal Claimant is challenging the Board's credibility determination as to her proffered reason for not appealing the overpayment determination, which is outside of this Court's province to overrule.

Moreover, even if Claimant's testimony had been credited, it would not entitle her to *nunc pro tunc* relief. Claimants asserting an administrative breakdown must show they were provided misinformation regarding the availability of, timing of, or need for an appeal. *Greene v. Unemployment Comp. Bd. of Rev.*, 157 A.3d 983, 992 (Pa. Cmwlth. 2017). We have explained that "[n]ecessity-of-appeal type cases involve statements or actions suggesting that an appeal is not allowed, an appeal could wait, or further corrective action is unnecessary." *Id.* at 991. Here, the communication with the Department occurred months before the overpayment

determination was issued and pertained to someone filing a claim using Claimant's identity without Claimant's knowledge. Claimant cannot rely on statements made months beforehand to establish that she was misinformed about the need to appeal a determination that had not yet been issued.

"The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory." *Hessou*, 942 A.2d at 198. Thus, we cannot conclude there was an administrative breakdown; nor can we conclude that Claimant's delay in filing the appeal was non-negligent, particularly where the determination advised Claimant that she had to appeal by May 10, 2023, if she disagreed with the determination. Because Claimant has not satisfied her heavy burden to be entitled to *nunc pro tunc* relief, we are constrained to affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** President Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cierra Minnich, :
                Petitioner :
       :
           v. : No. 1401 C.D. 2023
       :
Unemployment Compensation :
Board of Review, :
            Respondent :

# **O R D E R**

    **NOW**, November 7, 2024, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge