# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwina Perez, : 
        Petitioner : 
  : 
       v. : No. 667 C.D 2024
  : 
Department of Transportation, : 
        Respondent : Submitted: July 7, 2025

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE WOLF                               FILED: September 3, 2025

Edwina Perez petitions this Court for review of a May 3, 2024 final order issued by the Department of Transportation's (Department) Executive Deputy Secretary. The Department's order affirmed a Department Administrative Hearing Officer's (AHO) order dismissing as untimely a previous appeal by Ms. Perez of the Department's suspension of her Agent Services Agreement. Ms. Perez contends that she was misled through faulty Department correspondence into sending her appeal to the wrong e-mail address, and that the Department lacked the authority to accept appeals sent via e-mail in the first place. Because the untimeliness of Ms. Perez's initial appeal was caused by negligence rather than an alleged administrative breakdown, we affirm.

## I. Background

Ms. Perez is the owner of Perez Notary & Tags, which, according to Ms. Perez, has been a contractual agent of the Department since 2013. Reproduced Record (R.R.) at 5a. Following a December 21, 2022 administrative audit, the Department found that Perez Notary & Tags was in violation of several of the Department's regulations, and, on January 10, 2023, mailed to Ms. Perez a notice of its intent to suspend, for seven months, the business's Agent Services Agreement (Notice of Suspension). *Id.* at 7a.

At the conclusion of the Notice of Suspension, under the heading "Appeal," the Department advised Ms. Perez of her right to request a hearing by submitting a written request within 30 days to the Department's Harrisburg offices. *Id.* at 9a. "Alternatively," it added, "you may e[-]mail your written request for a hearing to the following e[-]mail address: ra-pddotadmindocket@pa.gov." *Id.* To restore her privileges pending appeal, the Department informed Ms. Perez that she could send a written motion for a stay or supersedeas to the Department's offices or, again, via e-mail to same e-mail address. *Id.* Where the e-mail address was given the second time, a line break occurred just after the hyphen, so that the "ra-" portion appears on the preceding line from the rest of the e-mail address. *Id.*

In response to the Notice of Suspension, Ms. Perez wrote an e-mail message with the subject line "Stay Request" on January 19, 2023; the text of the message outlined various defenses to the Department's findings of violations. *Id.* at 5a. Ms. Perez sent the message to the address pddotadmindocket@pa.gov, which was not a valid Department e-mail address. *Id.* at 30a. On February 1, 2023, Ms. Perez sent another e-mail, with the subject line "Stay Open," to ra-pddadmindocket@pa.gov, which was also not a valid Department e-mail address. *Id.* at 31a. On February 21,

2023, Ms. Perez re-sent both requests to the e-mail address actually supplied by the Department. *Id.* at 4a. The Department moved to dismiss the appeal in a motion filed March 6, 2023, in which it acknowledged the two previous attempts to file an appeal but argued that the only acceptable filing was received outside the Department's 30-day appeal deadline. *Id.* at 12a (citing 67 Pa. Code § 491.3(b)(1)).[1] In an answer filed the following day, counsel representing Ms. Perez[2] asserted, *inter alia*, that the manner in which the e-mail address was provided in the Notice of Suspension was misleading. *Id.* at 26-27a.

A Hearing Officer granted the Department's motion to dismiss in a July 31, 2023 order. *Id.* at 51a. On August 22, 2023, Ms. Perez filed an administrative appeal, which was denied by the Executive Deputy Secretary in his May 3, 2024 order. *See* Perez's Br., App. A-3. Ms. Perez then filed a petition for review in this Court on May 28, 2024.

## II. Issues

On appeal to this Court,[3] Ms. Perez maintains that the Department should have accepted her appeal and granted her a hearing, given "the misleading nature of the e-mail address contained in the Department's notice and [her] due diligence in filing her appeal." Perez's Br. at 7. Ms. Perez also argues that the Department lacked the authority to permit electronic filing of appeals such as the one she filed electronically.

---

[1] 67 Pa. Code § 491.3(b)(1) provides: "Except as otherwise provided in paragraph (2) [governing requests for credit toward serving driving privilege or vehicle registration suspensions] or by statute or regulation, every request for a hearing shall be filed within 30 days of the Department's determination which gives rise to the appeal."

[2] Ms. Perez had been hitherto an unrepresented litigant.

[3] Our review is limited to determining whether constitutional rights were violated, an error of law was committed, or findings of fact were unsupported by substantial evidence. *Gutman v. Dep't of Transp.*, 16 A.3d 566, 569 n.1 (Pa. Cmwlth. 2011).

## III. Discussion

The Department's regulations provide, in relevant part, that "every request for a hearing shall be filed within 30 days of the Department's determination which gives rise to the appeal." 67 Pa. Code § 491.3(b)(1). To be compliant, a document must be received by the Department's administrative docket clerk within 30 days, regardless of when it is sent in the mail. 67 Pa. Code § 491.4(c). Accordingly, the Notice of Suspension sent to Ms. Perez on January 10, 2023 explained that she had 30 days to file an appeal by submitting either a written request to the Department's Harrisburg offices or by e-mail to its ra-pddotadmindocket@pa.gov address. *See* R.R. at 9a. However, a party may obtain *nunc pro tunc* relief on an untimely appeal by establishing extraordinary circumstances, such as an administrative breakdown, fraud, or some other conduct beyond his control, which are not attributable to his own negligence, caused the delay. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Ms. Perez does not dispute that her appeal did not reach the correct e-mail address until February 21, 2023, but alleges that the Department's correspondence provided the e-mail address in such an unclear manner as to constitute "a breakdown in administrative operations." Perez's Br. at 12. Thus, Ms. Perez concludes that this Court "should permit [her] appeal to be considered timely." *Id.*

We are not persuaded by Ms. Perez's arguments for two main reasons. The first is that the line break that she refers to in the Notice of Suspension's appeal instructions separates the e-mail address into two parts, where the phrase "the following e[-]mail address" is immediately followed by a colon, then the characters "ra-" and, at the beginning of the next line, the "pddotadmindocket@pa.gov." Had Ms. Perez interpreted the hyphen to signify a line break rather than a part of the e-

4

mail address itself—that is, if she had sent her appeal to "rapddotadmindocket@pa.gov"—then we would be more inclined to agree that e-mail address was provided misleadingly or confusingly. But Ms. Perez initially sent her appeal message to a (nonexistent) e-mail address—"pddotadmindocket@pa.gov"—that omits the "ra-" entirely. Ms. Perez's second attempt was sent to ra-pddadmindocket@pa.gov, which was incorrect for a reason that has nothing to do with the "ra-" portion of the e-mail address. The second reason her argument fails is that any confusion resulting from the breaking of the e-mail address into two parts can be cleared up by looking at the preceding paragraph, where the e-mail address appears prominently at the end, all on one line.

Next, we turn to Ms. Perez's other appeal argument, which is that the Department lacked the authority to permit electronic filing of appeals. Ms. Perez points to 67 Pa. Code § 491.7(b), which provides that a "request for a hearing, subsequent correspondence, briefs, pleadings or other documents relating to the case will not be accepted for filing if received electronically or by telefacsimile." While acknowledging that the Department's Secretary "apparently tried to waive" that prohibition,[4] Ms. Perez contends that the waiver was invalid.

Ms. Perez's argument is meritless. This Court has held that a Commonwealth agency acts within its lawful administrative power when it "waive[s] its own rules." *Eye & Ear Hosp. v. Dep't of Pub. Welfare*, 514 A.2d 976, 978 (Pa. Cmwlth. 1986). Furthermore, the circumstances under which the Department waived the normal rules requiring paper filing—a rule change of which Ms. Perez could have obtained the benefit, had she typed out the correct e-mail address on either of her first two attempts—is irrelevant to the question of whether Ms. Perez's appeal was timely.

---

[4] It may be presumed that Ms. Perez is referring to an October 4, 2022 order by then-Secretary Yassmin Gramian waiving 67 Pa. Code § 491.7(b) indefinitely. *See* R.R. at 76a-77a.

5

## IV. Conclusion

It is "well-settled that the burden of demonstrating the necessity of *nunc pro tunc* relief is on the party seeking to file the appeal, and the burden is a heavy one." *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229-30 (Pa. Cmwlth. 2021). While we understand that it is frustrating when serious consequences emerge from two, seemingly trivial clerical errors, our review of the record establishes that Ms. Perez's negligence was the cause of those errors rather than an administrative breakdown on the Department's part. Accordingly, we are constrained to affirm the Department's final order.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwina Perez,                          :
                          Petitioner    :
                                        :
          v.                            :     No.  667 C.D 2024
                                        :
Department of Transportation,          :
                          Respondent    :

# **O R D E R**

AND NOW, this 3rd day of September 2025, the order of the Department of Transportation in the above-captioned matter, entered May 3, 2024, is hereby AFFIRMED.

_____
MATTHEW S. WOLF, Judge